The opinion of the court was delivered by
Tirghman, C. J.
This is an action of covenant, brought fay the defendant in error, against the plaintiffs in error, who were defendants below. The plaintiff, in his declaration, set forth, that by certain árticles of agreement, between a certain Thomas Overton, attorney for Jeremiah Warder, and the plaintiff, the said Overton agreed to sell to the plaintiff, a pertain tra-t of land, in the said artieles mentioned, and the plaintiff agreed to purchase the same of the said Overton,,for the sum of four dollars an acre, to be paid in the manner following, viz: fifty pounds on the delivery of the deed, and the residue in instalments of fifty pounds a year, with l.egal interest, until the whole should be paid. And the said Ov'erton did also agree to procure within twelve months, a good and sufficient title, derived from the commonwealth of Pennsylvania, for the said land, and on such title being produced, the plaintiff agreed to execute a mortgage of the premises, and give his bond, with warrant of attorney, &c. to secure the payments aforesaid, and for the true performance thereof, the parties to the said articles of agreement, bound themselves, each to the other, in the sum of 100 dollars; and that the said Overton, although often'requested, did not procure a good and sufficient title to the said land, from the commonwealth of Pennsylvania, by reason of which, action accrued to the plaintiff, to have a demand of the said Overton, the sum of 100 dollars. And the defendants afterwards, by a writing, under *352 their hands and seals, indorsed on the said articles of agreement, covenanted, that they would take the place of the said Overton, and be responsible for whatever damages the plaintiff was entitled to recover of the said Overton, on the articles of agreement aforesaid. The objection to this declaration is, that it contains no averment, that the plaintiff was ready, or offered to perform his part of the agreement; and it is the opinion of the court, that the objection is fatal. Overton was not bound to give a deed until he received the first payment of fifty pounds. The delivery of the deed, and payment of the money were to be concurrent acts. The meaning of the agreement was, that Overton should convey to the plaintiff a good title, derived from the commonwealth, in twelve months from the date of the articles, and- upon the receipt of the deed of conveyance, the plaintiff was to pay fifty pounds in cash, and give a bond and mortgage for the residue of the purchase money. The plaintiff ought, therefore, to have averred in his declaration, that he was ready to pay the fifty pounds, and to give the bond and mortgage, according to the articles of agreement. And this averment is matter of substance. The law on this subject will be found in 1 Chitty on Plead. 314 to 318. A case of the same kind, Pinkus v. Hamaker,* was decided by us at Lancaster the last May term. It is the opinion of the court, that the declaration is bad, and therefore, the judgment should be reversed.
Judgment reversed.

 Ante, 200,